UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812 |

January 24, 2013

LETTER TO COUNSEL:

    RE: *James Edmondson Brown v. Commissioner, Social Security Administration*;
            Civil No. SAG-12-0174

Dear Counsel:

    On January 18, 2012, the Plaintiff, James Edmondson Brown, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 18). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Mr. Brown filed his claims in July, 2008, alleging disability beginning on April 17, 2007. (Tr. 105-14). His claim was denied initially on January 5, 2009, and on reconsideration on April 28, 2009. (Tr. 57-61, 66-69). A hearing was held on January 11, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 28-51). Following the hearing, on March 18, 2010, the ALJ determined that Mr. Brown was not disabled during the relevant time frame. (Tr. 14-27). The Appeals Council denied Mr. Brown's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Mr. Brown suffered from the severe impairments of ischemia, hypertension, and a mood disorder. (Tr. 19). Despite these impairments, the ALJ found that Mr. Brown retained the residual functional capacity ("RFC") to:

> perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift or carry twenty pounds occasionally and ten pounds frequently, stand and walk two hours in an eight hour workday, and sit for six hours. He can perform jobs that require only occasional balancing and climbing of stairs and no exposure to dangerous machinery. The claimant is able to understand, remember and execute detailed instructions. He can adequately sustain a forty hour work week, concentrate and pay attention, work with others

without distracting them, perform work within a schedule, be on time, meet production standards, and accept instructions and criticism from his boss.

(Tr. 22). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Brown could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 25-26).

Mr. Brown argues on appeal that the ALJ should have found his degenerative disc disease to be a severe impairment at Step Two. His argument lacks merit. An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that his impairment is severe. *See Johnson v. Astrue*, Civil Action No. PWG-10-3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). In this case, Mr. Brown has not directed this Court to, and this Court has been unable to find, any medical evidence indicating that his back pain caused significant limitations in his ability to perform work within his RFC, which already included physical restriction to "less than a full range of light work." As the ALJ noted in her Step Two analysis, Mr. Brown did not mention back pain during his testimony at his hearing, even when asked open-ended questions about the issues limiting his ability to work. (Tr. 20, 34-35, 38-39). The medical evidence in the record indicates that Mr. Brown's back pain was diminished with treatment, making his overall pain level only a three or four on a scale of one to ten. (Tr. 499). The ALJ's statement that "[t]here are no significant functional limitations related to the claimant's alleged lower back pain" (Tr. 20) is supported by medical examinations showing normal lumbar lordosis, normal deep tendon reflexes, full strength, no atrophy, and normal tone. (Tr. 499-500, 508-09, 524). Moreover, in assessing the credibility of Mr. Brown's complaints of pain, the ALJ noted that his activities of daily living belie his reported limitations from his symptoms. (Tr. 24). Accordingly, the ALJ did not err by failing to find that Mr. Brown's degenerative disc disease constituted a severe impairment. Moreover, even if I were to agree that the ALJ erred in his evaluation of Mr. Brown's degenerative disc disease at Step Two, such error would be harmless. Because Mr. Brown made the threshold showing that he had other physical and mental severe impairments, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and nonsevere, that significantly impacted Mr. Brown's ability to work. *See* 20 C.F.R. § 404.1523. Accordingly, I find no basis for remand.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 16) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 18) will be GRANTED. The Clerk is directed to CLOSE this case.

*James Edmondson Brown v. Commissioner, Social Security Administration*
Civil No. SAG-12-0174
January 24, 2013
Page 3

    Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                             Sincerely yours,

                                             /s/

                                             Stephanie A. Gallagher
                                             United States Magistrate Judge